UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MICHAEL DIFORTE,

        Plaintiff,

 -against-                        **MEMORANDUM AND ORDER**
                                         1:16-cv-5786(FB)
NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.
------------------------------------------------------x

*Appearances:*
*For the Plaintiff*                            *For the Defendant*
CHRISTOPHER J. BOWES           RICHARD DONOGHUE
54 Cobblestone Drive                  United States Attorney
Shoreham, NY 11786                    Eastern District of New York
                                                      By RUKHSANAH L. SINGH
                                                      Assistant U.S. Attorney
                                                      271 Cadman Plaza East
                                                      Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

       Michael Diforte ("Diforte") seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB"). Both parties move for judgement on the pleadings, with Diforte requesting that the Court vacate the ALJ's decision and remand the case for additional administrative proceedings. For the reasons stated below, Diforte's motion is granted, the Commissioner's motion is denied, and the case is remanded for reevaluation of Diforte's residual functional capacity ("RFC").

**I**

Diforte, a retired New York City Police Officer, who spent some time as a police clerk, filed for DIB on October 16, 2015, due to herniated and bulging discs in his lumbar and cervical spines, nerve damage, knee pain, and sleep apnea. He alleged that he became disabled on June 29, 2013. His application was denied, and he sought a hearing before an Administrative Law Judge ("ALJ"). On July 31, 2015, ALJ Louis M. Catanese ruled that Diforte was not disabled. Applying the familiar five-step evaluation process,[1] the ALJ determined that (1) Diforte had not engaged in any substantial gainful activity since June 29, 2013, the alleged onset date; (2) Diforte's degenerative disc disease of the cervical and lumbar spine, obstructive sleep apnea, and obesity were severe impairments; but (3) Diforte's impairments did not meet the severity of any presumptively disabling impairments. The ALJ determined that Diforte had the RFC to perform less than a full range of sedentary work, with the following limitations:

> The claimant has the ability to occasionally lift and/or carry up to 10 pounds, and frequently lift and/or carry less than 10 pounds. The claimant

---

[1] Social Security Administration regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines "(1) that the claimant is not working, (2) that [s]he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, . . . (4) that the claimant is not capable of continuing in [her] prior type of work, [and] (5) there is not another type of work the claimant can do." *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)–(f)). The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

> also has the ability to stand and/or walk (with normal breaks) for a total of up to 2 hours in an 8-hour workday, and sit (with normal breaks) for a total of up to 6 hours in an 8-hour workday. The claimant cannot climb ladders, ropes, or scaffolds. The claimant is limited to performing all other postural activities occasionally. The claimant can frequently overhead reach and push/pull with his bilateral upper extremities. The claimant must avoid exposure to workplace hazards. The claimant must be allowed to sit in intervals of up to 20 minutes, after which the claimant would need to stand for 5 minutes at the workstation.

Applying this RFC determination, the ALJ determined that (4) Diforte was able to perform past relevant work as a police clerk. The ALJ, therefore, concluded that Diforte was not disabled during the relevant time period, without reaching the fifth step. The Appeals Council declined review on August 11, 2016. Diforte timely sought judicial review.

### A.   Medical Opinion Evidence

The ALJ relied chiefly on two doctors' medical opinions in determining that Diforte is not disabled—one treating physician and one of the Commissioner's consultative physicians.

### 1.   Treating Physician Kenneth Chapman, M.D.

Diforte began seeing the medical staff at the Spine & Pain Institute of New York ("SPI") in August 2013. His primary doctor there was Dr. Chapman, an orthopedic surgeon. Dr. Chapman saw Diforte regularly during the relevant time period. Dr. Chapman wrote in his treatment notes that Diforte was experiencing neck and back

pain; that he was using opioids and epidural injections to deal with the pain; and that he had a normal gait, full muscle strength, and no sensory abnormalities.

Dr. Chapman assessed Diforte's RFC on June 25, 2015. Dr. Chapman concluded that Diforte could stand and/or walk for less than 2 hours, and sit for less than 2 hours, in an 8-hour workday; he could lift and carry between 5 and 10 pounds for a third of a workday; he could lift and carry less than 5 pounds for two thirds of a workday; he required periods of bed rest and frequent breaks; he had pain that prevented him from working for 8 hours; he required medications that interfered with his ability to function in the work setting; he would have difficulty concentrating on his work; and he required an average of 2 or more sick days off each month.

The ALJ gave little weight to Dr. Chapman's opinion because "his treatment notes do not support such extreme limitations." AR 17. In so doing, the ALJ cited Dr. Chapman's observations that Diforte had a normal gait, no sensory abnormalities, and full muscle strength. The ALJ also Dr. Chapman's treatment notes reporting that opioids provided Diforte relief from pain and that his symptoms were fairly controlled.

### 3. Consultative Physician Lamberto Flores, M.D.

Dr. Flores saw Diforte for a consultative examination on January 13, 2014. Dr. Flores concluded that Diforte's employment abilities were limited "in fully squatting, bending, cervical rotation," and that, according to his symptoms, he was limited in "prolonged walking, sitting, standing, climbing stairs, and heavy lifting." AR 520. Dr.

Flores also noted that Diforte's posture and gait were normal and that he had no difficulty getting on and off the examination table. The ALJ gave some weight to Dr. Flores's opinion because it was based on an in-person examination and because he considered Diforte's medical history. The ALJ did not give the opinion more weight because Dr. Flores did not specify the degree of Diforte's limitation, but instead provided a vague conclusion that he was limited.

B.   **Diforte's Testimony and Function Report**

Diforte testified at his July 9, 2015, hearing and completed a function report. He testified that he cannot work due to back, leg, and neck pain. Diforte further testified that he can sit and stand for up to 15 to 20 minutes at a time, walk for 15 to 20 minutes at a time, and lift or carry up to 5 to 10 pounds. He reported that he tends to his personal care, cooks, watches televison, helps with pet care, prepares simple meals, shops for light groceries, and occasionally drives. The ALJ found Diforte's "statements concerning the intensity, persistence and limiting effects" of his symptoms "not entirely credible." AR 16.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); see also 42 U.S.C. § 405(g). Substantial evidence . . . means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *cited in, e.g.*, *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). If contradictions appear in the record and an ALJ fails to reasonably explain why he or she opted for one interpretation over another, the Commissioner's findings cannot stand. *See, e.g.*, *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998).

Diforte makes two arguments on appeal. First, he contends that the ALJ improperly rejected the medical opinion of Diforte's treating physician. Second, he argues that the ALJ failed to consider Diforte's pain when determining his RFC.

## A. Medical Opinion Evidence

The treating physician rule dictates that "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(c)(2)). If the ALJ does not give a treating physician's opinion controlling weight, he or she must provide "'good reasons' for the weight given to that opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

However, an RFC assessment is not subject to the treating physician rule. *See* 20 C.F.R. § 404.1527(d)(2) ("Although we consider opinions from medical sources on issues such as . . . your residual functional capacity . . . , the final responsibility for

6

deciding these issues is reserved to the Commissioner."); *id.* § 404.1527(d)(3) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner[.]"). Accordingly, the ALJ did not need to give controlling weight to Dr. Chapman's RFC assessment.

However, the ALJ's RFC was not supported by substantial evidence. Besides Dr. Chapman's assessment, the only other direct evidence of Diforte's RFC came from Diforte's testimony and from the opinion of Dr. Flores, the consultative physician. Neither of those pieces of evidence demonstrated that Diforte could sit for 6 hours in a day. Nor does the record contain medical evidence showing that Diforte's normal gait, full muscle strength, and lack of sensory abnormalities are inconsistent with his alleged pain and inability to sit for long periods of time, as the ALJ concludes. Overall then, it seems that the ALJ impermissibly substituted his own view of the medical evidence for the two doctors' medical opinions. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

**B.     Pain Considerations**

When assessing a claimant's RFC, the ALJ must "consider [the claimant's] ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). Pain and other symptoms can affect the claimant's ability to meet those work requirements. *Id.* § 404.1545(e). That includes the "type, dosage, effectiveness, and side effects of any medication" that a claimant takes to alleviate pain. 20 C.F.R. § 404.1529(c)(3)(iv).

With regard to Diforte's pain, the ALJ did not fully credit Diforte's testimony about his pain or Dr. Chapman's conclusions because Dr. Chapman's notes "generally stated that [Diforte] had pain relief with opioids and his symptoms were fairly controlled." AR 16. Though the SPI treatment notes state at various points that Diforte exhibited fair symptom control, they also state that standing and sitting exacerbate Diforte's symptoms, while rest relieves it. The treatment notes do not show that Diforte's pain would be controlled if he were to sit at a desk for six hours a day. In fact, the treatment notes show that he kept returning to SPI because of his ongoing neck and back pain.

Further, in finding Diforte not entirely credible, the ALJ relied on the inconsistency between Diforte's reports of back pain and his daily activities such as driving, cooking, watching television, caring for pets, preparing simple meals, and shopping for light groceries. Completing those activities, however, does not necessarily require Diforte to sit, stand, or walk for up to 6 hours in an 8-hour day. *See Carroll v. Secretary of Health & Human Servs.*, 705 F.2d 638, 643 (2d Cir. 1983) ("There was no proof that Carroll engaged in any of these activities [reading, watching television, and taking public transportation] for sustained periods comparable to those required to hold a sedentary job.").

In addition, the ALJ did not make any provision in the RFC for the opioids' side effects. Diforte testified and noted in his function report that his pain medication made him drowsy, but the ALJ made no accommodations for drowsiness in the RFC.

## C. Remand

In light of the above deficiencies in the ALJ's RFC assessment, the Court remands this case for further development of the record and reconsideration of the RFC in light of that evidence. The ALJ should: (1) as needed, obtain additional, specific testimony and medical opinions bearing on Diforte's RFC, particularly regarding for how long Diforte could walk, stand, and sit in an 8-hour work day and the effects of his opioids on his ability to focus during a work day; (2) obtain medical opinions regarding whether Diforte's alleged pain is consistent with his normal gait, full muscle strength, and lack of sensory abnormalities; and (3) conduct an additional hearing receiving and considering this new evidence. In doing so, the ALJ should be mindful that any testimony and medical opinions must be retrospective and address the time period between June 29, 2013, to December 31, 2017, the date that Diforte was last insured.

## III

Diforte's motion is GRANTED, and the case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　/S/ Frederic Block

　　　　　　　　　　　　　　　　　　FREDERIC BLOCK
　　　　　　　　　　　　　　　　　　Senior United States District Judge

Brooklyn, New York
October 17, 2018